## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRADLEY ALLEN WALKER,**<br>**Y23358,** | ) <br> ) <br> ) |
| **Plaintiff,** | ) <br> ) |
| **vs.** | )   **Case No. 24-cv-1140-MAB** <br> ) |
| **WEXFORD HEALTH SOURCE, INC.,**<br>**S. BICKERS,**<br>**P. MARTIN,** | ) <br> ) <br> ) <br> ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Bradley A. Walker, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Robinson Correctional Center (Robinson), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff alleges that he has hepatitis C and liver damage, and he has been unable to secure needed medical care at Robinson.  Plaintiff's original complaint was dismissed for failure to state a claim (Doc. 10), and he has now filed a timely Amended Complaint (Doc. 11).

Plaintiff's Amended Complaint (Doc. 11) is now before the Court[1] for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to

---

[1] The Court has jurisdiction to resolve Plaintiff's motions and to screen his Complaint in light of his consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' and Wexford's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandums of Understanding between the Illinois Department of Corrections and Wexford and this Court.

screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed.  28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Plaintiff re-alleges that Wexford has consistently failed to provide him with care for his Hep C and fibrosis/cirrhosis of his liver.  He claims that he has persistent pain, dark odorous urine, and fatigue, but that despite his condition Wexford continues to refuse care.  Plaintiff was diagnosed with liver problems in 2017, at which time he had stage F1 liver fibrosis. (Doc. 11 at 7).  He pleaded for treatment but was told at that time that he was not "sick enough" for treatment.  In 2020, tests revealed that his liver problems had progressed from an F1 to an F3/F4 stage, so his doctor secured treatment at UIC.  He was told that if he had received treatment earlier, the extent of damage could have been minimized.

In his current condition, Plaintiff argues that his liver is in bad shape, and he needs to see specialists every 3-6 months.  He claims that he was paroled from Robinson in February of 2023, but he returned on a parole violation on November 8, 2023.  Since that time, he has been placing sick call requests to see a doctor or specialist.  (Doc. 11 at 7).  He claims it could take up to two weeks to be seen, only to be informed that there is no doctor available at Robinson.  He faults Wexford for failing to adequately staff Robinson to meet

the needs of the many inmates who are housed there with medical complications.  By way of background, Plaintiff indicates that while he was "out" he was hospitalized for his liver "shutting down."  (Doc. 11 at 8).  This led him to believe his liver was "in bad shape."

As for Defendant Martin, Plaintiff alleges he is the healthcare administrator at Robinson and is well aware of his liver problems and medical needs.  Martin has occupied this role since at least 2020, so he knows of Plaintiff's liver issues both from before and after his stint on parole.  Plaintiff faults Martin for his inability to be seen by a doctor from November of 2023 to present.  He also explains that he is still waiting to get copies of his medical records.  (Doc. 11 at 8).

Plaintiff faults Defendant Bickers, the director of nursing, for impeding his ability to see an outside specialist.  He explains that Bickers reviewed his records, concluded there was no Hep C viral load currently detected, and re-directed him to use the sick call process if he has future issues.  Despite this advice, Plaintiff contends he has repeatedly tried to use the sick call process only to be ignored or to be told there is no doctor on staff.  He faults Bickers for the lack of follow-up on chronic conditions, for denying him needed care, and for a breakdown in communications about care.

Based on the foregoing allegations, the Court designates the following claims:

**Claim 1:**      *Monell* **claim against Wexford for failing to adequately staff Robinson to meet inmates' medical needs;**

**Claim 2:**      **Eighth Amendment deliberate indifference claim against Defendants Martin and Bickers for their roles in denying Plaintiff access to care for his chronic liver issues.**

The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

## ANALYSIS

To establish liability against a corporate medical contractor in a prison, an inmate must demonstrate that the constitutional violation alleged was caused by an unconstitutional policy or custom of the corporation itself. *Shields v. Illinois Dept. of Corrections*, 746 F.3d 782, 789 (7th Cir. 2014); *see also Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). Thus, under *Monell*, for Plaintiff to recover from Wexford, he must show that the alleged constitutional violation was caused by: (1) an express policy that caused a constitutional deprivation when enforced; (2) a widespread practice that was so permanent and well-settled that it constituted a custom or practice; or (3) a person with final policymaking authority. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021). In other words, a plaintiff must show that "systematic and gross deficiencies in …[IDOC's] medical care system," caused his injury, and also that "a policymaker or official knew about these deficiencies and failed to correct them." *Daniel v. Cook Cty.*, 833 F.3d 728, 735 (7th Cir. 2016). Alternatively, a plaintiff must show that "the unlawful practice was so pervasive that acquiescence on the part of policymakers

was apparent and amounted to a policy decision." *Dixon v. Cty. Of Cook*, 819 F.3d 343, 348 (7th Cir. 2016).

Here, Plaintiff alleges that Wexford has harmed him by failing to staff a doctor at Robinson, which in turn means he has been entirely unable to secure care for his chronic liver issues. He explains that he has been waiting to see a doctor from November of 2023 to date. He further alleges they have failed to provide access to specialist care, and staffing is insufficient at Robinson to meet the needs of many inmates beyond just his own condition. These allegations are sufficient at this preliminary juncture to proceed against Wexford under *Monell* on a theory that they have not sufficiently staffed Robinson's healthcare unit.

As to Defendants Bickers and Martin, an Eighth Amendment claim arising from the denial of medical care consists of an objective and a subjective component. *Berry v. Peterman*, 604 F.3d 435, 439–40 (7th Cir. 2010). A plaintiff must show that he suffered from a serious medical condition (i.e., an objective standard) and also show that each defendant responded with deliberate indifference (i.e., a subjective standard). *Id.* To satisfy the subjective component, a prisoner must demonstrate that an official knew of and disregarded an excessive risk to inmate health. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Neither medical malpractice, nor mere disagreement with a doctor's medical judgment will amount to deliberate indifference. *Id.* Additionally, an inmate is not entitled to demand specific care, and a medical professional may choose from a range of acceptable courses of care. *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019). If an inmate alleges a delay in treatment, he must present verifying medical

evidence that the delay, and not the medical condition itself, cause some harm. *Jackson v. Pollion*, 733 F.3d 786, 790 (7th Cir. 2013). He must also show it was the defendant's actions or inaction that caused the delay in treatment. *Walker*, 940 F.3d at 964.

For now, the Court will accept Plaintiff's assertion that his Hep C and liver conditions are sufficient to constitute a serious medical need.  He alleges that Defendants Martin and Bickers are aware of his medical needs from his prior incarceration at Robinson, and that they are again aware of his needs since his reincarceration that began in November of 2023.  He claims both Defendants are recipients of correspondence, grievances, or sick call requests about his current desire for care, and that both have failed to exercise their authority to ensure he receives medical care.  He acknowledges in his complaint that Defendant Bickers deemed him as not needing present care based on the undetectable viral load of his Hep C, but he insists that he has not seen any results from the follow-up step Bickers suggested, which was to place sick call request slips if he believed he developed a need for care.  Ultimately, the viability of this claim will turn, at least in part, on medical evidence about Plaintiff's claimed need for care at the relevant times.  For now, Plaintiff's allegations are sufficient to proceed beyond initial review against Bickers and Martin for their personal role in overseeing and approving his requests for care.

It is worth noting that to the extent Plaintiff mentioned issues with care from 2017-2020, the Court treats those allegations as mere background information.  Legal assertions about the care he received during this timeframe would be barred by the two-year statute of limitations for § 1983 claims.  Therefore, the claims designated in this order of review

are limited to any issues Plaintiff may have encountered with his care from November 2023 to present.

### DISPOSITION

**IT IS HEREBY ORDERED THAT Claim 1** of the Amended Complaint (Doc. 11) survives against Defendant Wexford Health Sources, Inc., and **Claim 2** survives against Defendants P. Martin and S. Bickers.

The Clerk of Court is **DIRECTED** to prepare for Defendants Wexford Health Sources, Inc., P. Martin, and S. Bickers: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint (Doc. 11), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed in forma pauperis was granted.  See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than 14 days after a change of address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute.  FED. R. CIV. P. 41(b).

The Clerk of Court is **DIRECTED** to enter the standard HIPAA order in this case because it may involve the exchange of medical records.

**IT IS SO ORDERED.**

**DATED: June 18, 2024**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.